UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KAREN MCKNUCKLES,

    Plaintiff,

v.

CENTERSTONE OF AMERICA,

    Defendant.

Case No. 3:16-cv-02916

Visiting Chief Judge Hood
Magistrate Judge Newbern

## MEMORANDUM AND ORDER

This action was referred to the Magistrate Judge to dispose or recommend disposition of pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B). (Doc. No. 3, PageID# 34.)

Now pending is Plaintiff Karen McKnuckles's motion for a trial by jury (Doc. No. 27), to which Defendant Centerstone of America has responded in opposition (Doc. No. 28). Because allowing a jury trial will not cause Centerstone any discernible prejudice, McKnuckles's motion is GRANTED.

**I.    Background**

Appearing pro se, McKnuckles filed this employment discrimination lawsuit against her former employer Centerstone on November 16, 2016, after receiving a right to sue letter from the Equal Employment Opportunity Commission. (Doc. Nos. 1, 1-1.) In her original complaint, McKnuckles alleged that Centerstone violated Title VII of the Civil Rights Act of 1964 by retaliating against her for filing a charge of discrimination and ultimately terminating her employment. (Doc. No. 1, PageID# 1–2; Doc. No. 1-1.) She did not request a jury trial in her complaint. (Doc. No. 1, PageID# 1.)

On October 20, 2017, the Court ordered McKnuckles to show cause within thirty days why her lawsuit should not be dismissed for failure to prosecute, noting that the lawsuit had been pending with almost no activity since McKnuckles filed it. (Doc. No. 8.) After retaining counsel, McKnuckles responded on November 17, 2017, explaining that she was forced to file her lawsuit pro se after discovering that her former attorney had been suspended from the practice of law. (*Id.* at PageID# 48.) She also informed the Court that Centerstone had been served but had failed to appear, giving her grounds to file a motion for entry of default. (*Id.* at PageID# 49.) The Court found that McKnuckles had adequately shown cause. (Doc. No. 10.) Shortly thereafter, Centerstone entered an appearance and answered McKnuckles's complaint. (Doc. Nos. 11–13.)

McKnuckles filed a motion to amend her complaint on May 17, 2018. In the proposed amended complaint, she elaborates on her original allegations. (Doc. Nos. 23, 23-1.) McKnuckles, who is African-American, claims that Centerstone's explanation of her firing—that she "falsified a time card"—was pretextual, and that the "real reason [she] was terminated was because of her race and her complaint of racial discrimination." (Doc. No. 23-1, PageID# 94, ¶¶ 20–22.) In the proposed amended complaint, McKnuckles seeks back pay, front pay, compensatory and punitive damages, prejudgment interest, attorney's fees and costs, and a trial by jury. (*Id.* at PageID# 92, 95–96.) The jury demand is the only aspect of the proposed amended complaint that Centerstone opposed. (Doc. No. 23, PageID# 90.) The Court granted in part McKnuckles's motion to amend, allowing the proposed amended complaint to be docketed as an amended complaint, but striking the jury demand because McKnuckles had not offered any argument in her motion as to why a jury demand was properly made at that juncture. (Doc. No. 24.)

McKnuckles responded by filing a motion for trial by jury. (Doc. No. 27.) McKnuckles argues that Centerstone will suffer no prejudice if her motion is granted—discovery had just begun

and Centerstone would be able to prepare its case for trial by jury. (*Id.* at PageID# 114.) McKnuckles also argues that a plaintiff proceeding pro se, as she was at the outset of the litigation, could easily miss the box to check to demand a trial by jury on the form complaint that she used, inadvertently waiving that right. (*Id.*) Centerstone opposed the motion, arguing that McKnuckles's failure to request a jury trial for more than four months is an adequate basis to deny her motion. Centerstone also cites "considerable additional costs" it will incur in a jury trial. (*Id.*)

## II.  Legal Standard

The Civil Rights Act of 1991 expanded the remedies available in a Title VII action "to include compensatory and punitive damages and authorized a trial by jury for those claims." *Bledsoe v. Emery Worldwide Airlines, Inc.*, 635 F.3d 836, 844 n.9 (6th Cir. 2011) (citing 42 U.S.C. § 1981a(a)(1), (c)(1)). Yet a party waives her right to a trial by jury on such claims unless she serves the other parties "with a written demand [for a jury trial]—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1), (d). Despite a party's waiver, the Court may order a jury trial on any issue for which a jury might have been demanded on a party's motion made under Federal Rule of Civil Procedure 39(b)." Fed. R. Civ. P. 39(b).

"A district court has broad discretion in ruling on a Rule 39(b) motion." *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 207 (6th Cir. 1990) (quoting *Kitchen v. Chippewa Valley Schools,* 825 F.2d 1004, 1013 (6th Cir. 1987)). However, unless there are "compelling reasons to the contrary," the Court should exercise its discretion in favor of granting a jury trial. *Id.* Prejudice to the nonmoving party may amount to a compelling reason. *See Perez v. Cathedral Buffet, Inc.*, No. 5:15CV1577, 2016 WL 4468111, at *2 (N.D. Ohio Aug. 24, 2016) (explaining that "evidence that the opposing party would have prepared its case differently had it known that a jury trial might

ensue" constitutes a compelling reason to deny a Rule 39(b) motion). If the nonmovant fails to show prejudice, the Court may grant a Rule 39(b) motion within its discretion. *See Moody*, 915 F.2d at 207–08.

**III. Analysis**

The parties agree that McKnuckles has waived her right to a jury trial. (Doc. No. 27, PageID# 113–15; Doc. No. 28, PageID# 118.) McKnuckles did not make a written demand within fourteen days of the last pleading directed to the issue, which was Centerstone's answer, filed on January 18, 2018. *See* Fed. R. Civ. P. 38(b)(1), (d). McKnuckles first raised the issue of a jury demand in her motion to amend her complaint on May 17, 2018. (Doc. Nos. 13, 23.) Rule 39(b) is therefore McKnuckles's only remaining avenue to a jury trial.

The fact that McKnuckles filed her lawsuit pro se does not, by itself, mandate granting her motion. (*See* Doc. No. 27, PageID# 114.) A pro se party who fails to properly request a jury trial may be entitled to lenience in considering a Rule 39(b) motion, *see Misco, Inc. v. United States Steel Corporation*, 784 F.2d 198, 205 n.8 (6th Cir. 1986), but McKnuckles was represented by counsel by the time that Centerstone filed its answer and triggered the deadline for a jury demand under Rule 38(b)(1). As Centerstone emphasizes, McKnuckles does not explain why she waited four months after Centerstone filed its answer to move for a jury trial.[1] (Doc. No. 28, PageID# 119.)

Yet the Sixth Circuit directs that courts should "lean in favor" of granting a Rule 39(b) motion absent "strong[,] compelling reasons to the contrary." *Anderson v. URS Energy & Constr.,*

---

[1] McKnuckles states that, after retaining counsel, she immediately sought "to initiate settlement discussions with [Centerstone,]" which were not fruitful. (Doc. No. 27, PageID# 112–13.) McKnuckles does not elaborate as to why this unsuccessful overture prevented her from meeting the deadline to make her jury demand.

4

*Inc.*, No. 3:14-CV-02291, 2016 WL 3365786, at *3 (M.D. Tenn. June 17, 2016) (citing *Kitchen*, 825 F.2d at 1013). Other circuits have held that a Rule 39(b) motion *must* be denied when the only explanation for the movant's failure to comply with Rule 38(b)(1) is inadvertence—the Second Circuit case *Galella v. Onassis*, 487 F.2d 986, 996 (2d Cir. 1973), which Centerstone cites, is an example—but the Sixth Circuit has adopted a "more liberal approach." *Thompson v. Fritsch*, 172 F.R.D. 269, 270 (E.D. Mich. 1997). It is true, as Centerstone points out, that "a district court will not abuse [that] discretion in denying a Rule 39(b) motion if the only justification is mere inadvertence." (Doc. No. 28, PageID# 118); *see also Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 632 (6th Cir. 2008). But neither is it necessarily an abuse of discretion to grant a motion based on inadvertence or delay, especially in light of the Sixth Circuit's general preference for preserving the right to trial by jury. *See Moody*, 915 F.2d at 207 (reiterating that "cases involving affirmances of denial of a jury trial furnish no support for reversing a district court's decision to grant a jury trial under Rule 39(b)"); *see also Barron v. Bankers Life & Cas. Co.*, 288 F.R.D. 187, 192 (W.D. Tenn. 2012) (explaining that "[t]here is no hard-and-fast rule or dictate . . . commanding the court to refuse the plaintiffs a jury trial solely on the basis of inexcusable delay"); *Orlowski v. TRW, Inc.*, 765 F. Supp. 1277, 1279 (E.D. Mich. 1991) ("[t]echnical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules") (quoting 9 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2334, at 115–16 (1971)).

Although it is likely true, as Centerstone argues, that a jury trial would be costlier and more time-consuming than a bench trial, that alone is not sufficient prejudice to defeat McKnuckles's motion. (Doc. No. 28, PageID# 119.) If it were, no Rule 39(b) motion would succeed. Further, Centerstone has not argued that it "would have prepared its case differently had it known that a

jury trial might ensue," likely because Centerstone received notice of McKnuckles's motion for a jury trial before the litigation was in full swing. *Perez*, 2016 WL 4468111, at *2. When McKnuckles first requested a jury trial on May 30, 2018, Centerstone had just mailed its first set of discovery requests and had "not otherwise begun the discovery process . . . ." (Doc. No. 27, PageID# 114.) Because Centerstone was on notice at the outset of its discovery efforts that this case might be tried by a jury, Centerstone should not be prejudiced if McKnuckles's motion is granted. S*ee Barron*, 288 F.R.D. at 192 (collecting cases to support the proposition that "courts routinely grant Rule 39(b) motions for trial by jury where the request is made at a relatively early stage of the proceeding"). Weighing the Sixth Circuit's requirement of "strong [and] compelling" reasons to deny a Rule 39(b) motion against the minimal prejudice Centerstone has raised, the scales tip in favor of allowing McKnuckles's jury demand. *Anderson*, 2016 WL 3365786, at *3.

## IV. Conclusion

For the foregoing reasons, McKnuckles's motion for a trial by jury is GRANTED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge